[No. 628.  On Rehearing, August 5, 1896.]

## ADDISON M. JANES ET AL., APPELLEES, v. MARCUS BRUNSWICK ET AL., APPELLANTS.

CLAIM AGAINST ESTATE—PROOF OF ALLOWANCE—LIMITATION.—Where a claim against an estate, filed with the clerk of the probate court, appeared to have been barred by limitation, and it did not affirmatively appear from the record that it had been allowed by the court,—Held: That the mere indorsement upon the account, of its approval by some one styling himself "probate judge," was not sufficient evidence of its allowance by the probate judge.

ON REHEARING.  Remanded as to claim of S. B. Newcomb.

W. B. CHILDERS for appellee S. B. Newcomb.

Probate decrees are binding and conclusive upon both parties and privies until reversed or modified in the proper tribunal.  Caujole v. Ferrie, 13 Wall. 465; Simpson v. Norton, 45 Me. 281; Bryant v. Allen, 6 N. H. 116; Spofford v. Smith, 59 Id. 366; Simmons v. Goodell, 63 Id. 458; Adams v. Adams, 22 Vt. 50; Lawrence v. Englesby, 24 Id. 42; Jennison v. Hapgood, 7 Pick. 1; Paine v. Stone, 10 Id. 75; Sever v. Russell, 4 Cush. 513; Crippen v. Dexter, 13 Gray, 330; Bush v. Shendon, 1 Day, 170; Goodrich v. Thompson, 4 Id. 215; Gates v. Treat, 17 Conn. 388; Dickinson v. Hayes, 31 Id. 417; Kellogg v. Johnson, 38 Id. 269; Blake v. Butler, 10 R. I. 133; Roach v. Martin, 1 Harr. (Del.) 548; Seymour v. Seymour, 4 Johns. Chy. 409; Chipman v. Montgomery, 63 N. Y. 236; Thompson v. McGaw, 2 Watts, 161; McPherson v. Cunliff, 11 Serg. & R. 422; Lex's appeal, 97 Pa. St. 289; Brinton's Estate, 10 Id. 408; Cecil v. Cecil, 19 Md. 72; Connolly v. Connolly, 32 Grant, 653; Harris v. Colquitt, 44 Ga. 663; Davie v. McDaniel, 47 Id. 195; King v. Smith,

15 Ala. 264; Herbert v. Hanrick, 16 Id. 581; Arnett v. Arnett, 33 Id. 273; Duckworth v. Duckworth, 35 Id. 70; Morrow v. Allison, 39 Id. 70; Hutton v. Williams, 60 Id. 107; Turner v. Malone, 24 S. C. 398; Bailey v. Dilworth, 10 Sm. & Mar. 494; Fort v. Battle, 13 Id. 133; McKee v. Whitten, 25 Miss. 31; Ward v. State, 40 Id. 108; Womack v. Womack, 23 La. Ann. 351; Dooley v. Dooley, 14 Ark. 122; Osborne v. Graham, 30 Id. 67; Gordon v. Kennedy, 36 Iowa, 167; Johnson v. Beasley, 65 Mo. 250; Sheetz v. Kirtley, 62 Id. 417; Dayton v. Mintzer, 22 Minn. 393; 29 Cal. 514; Kingsley v. Miller, 45 Id. 95; Reynolds v. Brumagin, 54 Id. 254; Estate of Cook, 14 Id. 130; Lewis v. Welch, 48 N. W. Rep. (Minn.) 608; Barber v. Bowen, 49 Id. (Minn.) 684; Herron v. Dater, 120 U. S. 465; Tate v. Norton, 94 Id. 746; Veach v. Rice, 131 Id. 293; Simmons v. Saul, 138 Id. 114; 2 Black on Judg., par. 633.

The approval of an account by a probate judge is a judgment or decree of said probate court. Rice, Probate Law, 452; Jones v. Brinker, 20 Mo. 87; Dooley v. Watkins, 5 Ark. 705; Tutt v. Boyer, 51 Mo. 425; Shoemaker v. Brown, 10 Kan. 290; Price v. Dietrich, 12 Wis. 699; Kennerly v. Shepley, 15 Mo. 410; Niel v. Hodge, 5 Tex. 489; Moore v. Hillebrand, 14 Id. 312; Cassett v. Biscoe, 12 Ark. 97; Moody v. Peyton, 36 S. W. Rep. 621.

It is not essential to the operation of a judgment or decree that it should be legally right, and is conclusive, unless it is shown that the court has no jurisdiction. 2 Black on Judgs., par. 514; Barber v. Bowen, 49 N. W. Rep. (Minn.) 684.

ON MOTION FOR REHEARING BY S. B. NEWCOMB.

BANTZ, J.—The rejection of this claim was not based on the theory that a judgment of the probate court could be collaterally attacked by showing that the

claim was barred by the statute of limitations; nor do we question that an allowance by the probate court is equivalent to a judgment of that court.   But the objection is that the claim appeared to have been barred by limitation, and we did not find sufficient in the record to show that it had been allowed by the probate court. Proceedings in the probate courts are not conducted with a very strict regard to forms but it would be too unsafe to hold that a mere indorsement upon an account of its approval by some one styling himself probate judge was sufficient evidence of its allowance by the probate judge.   It was not shown when or where this indorsement was made, nor that it was ever recognized, as the official act of one having authority, by the probate clerk.   It may be that the proofs can be supplied; and therefore as to this claim the cause will be remanded for a further hearing before the master upon this subject.

SMITH, C. J., LAUGHLIN and HAMILTON, JJ., concur.